UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

LARENDA KERN,

    Plaintiff,

v.

REVCO SOLUTIONS, INC.,

    Defendant.

Case No. 2:21-cv-01391

## COMPLAINT

**NOW COMES** Plaintiff, LARENDA KERN, by and through her undersigned counsel, complaining of Defendant, REVCO SOLUTIONS, INC., as follows:

### NATURE OF THE ACTION

1. This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Wisconsin Consumer Act ("WCA"), Wis. Stat. §427 *et seq*.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction exists as to Plaintiff's state law claim.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

5. LARENDA KERN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Milwaukee, Wisconsin.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. REVCO SOLUTIONS, INC. ("Defendant") is a corporation with its principal place of business at 250 East Broad Street, Suite 2100, Columbus, Ohio 43215.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others.

9. Defendant is a "debt collector" as defined by Wis. Stat. §427.103(3)(h) because it engaged in the collection of a debt from Plaintiff personally

## FACTUAL ALLEGATIONS

10. On November 18, 2021, Defendant mailed Plaintiff a letter ("Defendant's Letter") attempting to collect an alleged debt asserted to be owed to Masseys in the amount of $225.13 ("subject debt").

11. However, rather than preparing and mailing a collection letter on its own, Defendant sent information regarding Plaintiff and the subject debt to a commercial mail house in or around Oaks, Pennsylvania ("mail house").

12. Defendant disclosed to the mail house:

   i. Plaintiff's status as a debtor;

   ii. the subject debt amount;

   iii. the Plaintiff's address; and

   iv. other highly personal and confidential pieces of information.

13. The mail house then populated some or all of this information into a pre-written template, printed, and mailed the letter from Pennsylvania to Plaintiff's residence in Wisconsin.

14. Printed on the envelope of Defendant's Letter was a bar code.

15. Directly below the return address were the words "CHANGE SERVICE REQUESTED."

16. The information regarding the barcode and PO Box were visible through the

2

window of the envelope.

17. Upon information and belief, the address belongs to the third-party vendor that prepared and mailed Defendant's Letter.

18. By hiring a third-party vendor to issue Defendant's Letter, Defendant unlawfully disclosed to the third party that Plaintiff allegedly owed the subject debt.

19. Information regarding Plaintiff and the subject debt, including the fact that Plaintiff allegedly owed the subject debt, was disclosed.

20. Furthermore, the barcode belongs to Defendant and/or Defendant's third-party vendor, and with its placement visible through the envelope, it violated Plaintiff's privacy rights.

21. Privacy about one's financial affairs is considered of the upmost importance to people.

22. Defendant's Letter did not conspicuously identify the current creditor as required by §1692g(a)(2) of the FDCPA.

23. Specifically, Defendant's Letter identified "Massey" as the "Creditor" but did not identify the current creditor.

24. Defendant's Letter confused Plaintiff as she was unable to determine if the original creditor, Massey, was also the current creditor.

25. In other words, just because Massey, may have been the original creditor does not necessarily mean that it is also the current creditor.

26. Further obfuscating the identity of the current creditor, Defendant's Letter requested that payment be made directly to Defendant, and not Massey.

3

27. Defendant's Letter was additionally confusing because it did not conspicuously identify Masseys as Defendant's "client," or explain how the subject debt was referred to Defendant for collection thus further obscuring the identity of the current creditor.

28. Defendant's Letter also stated that Plaintiff could write to Defendant to find out if the original creditor was different from the current creditor.

29. This language raised the possibility that the subject debt could have been sold but did not clarify who actually owned the subject debt.

30. Accordingly, Defendant's Letter confused Plaintiff as she was unable to determine whether Massey, Defendant, or an unknown third party was the current creditor to whom the subject debt is owed.

31. After receiving Defendant's Letter, Plaintiff placed a call to Defendant because she did not recall incurring this debt.

32. Defendant verified that the subject debt was regarding an online purchase with a Massey credit card placed in 2018.

33. Plaintiff advised Defendant that she did not make this purchase as she does not recall ever having a Massey credit card.

**DAMAGES**

34. The FDCPA defines "communication" at 15 U.S.C. §1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

35. The sending of an electronic file containing information about Plaintiff's subject debt to a mail house is therefore a communication.

36. Defendant's communication to the mail house was in connection with the collection of the subject debt since it involved disclosure of the subject debt to a third party with the objective

4

being communication with and motivation of the consumer to pay the subject debt.

37. Plaintiff never consented to having her personal and confidential information, concerning the subject debt or otherwise, be shared with anyone else.

38. In limiting disclosure to third parties, the FDCPA states, at 15 U.S.C. §1692c(b):

"Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with <u>any person</u> other than the <u>consumer</u>, his <u>attorney</u>, a <u>consumer reporting agency</u> if otherwise permitted by law, the <u>creditor</u>, the <u>attorney of the creditor</u>, or the <u>attorney of the debt collector</u>." (Emphasis added).

39. The mail house used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

40. Due to Defendant's communication to this mail house, information about Plaintiff, including names, addresses, and the amount that was due were all within the possession of an unauthorized third party.

41. If a debt collector "conveys information regarding the debt to a third party [and] informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015). *See also, Hunstein v. Preferred Collection & Management Services*, 994 F.3d 1341, 28 Fla. L. Weekly Fed. C 2756 (11th Cir. 2021).

42. Defendant unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third party.

43. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive information to an unauthorized third party has on

consumers.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

45. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

46. Defendant is a "debt collector" as defined by §1692a(6) because it is a business, the principal purpose of which, is the collection of debts and it uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

47. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

48. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

49. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

### a. Violations of FDCPA § 1692c

50. Defendant violated §1692c(b) when it disclosed private and confidential information about Plaintiff's subject debt to the employees and agents of an unauthorized third-party mail house in connection with the collection of the subject debt.

### b. Violations of FDCPA §1692e

51. Section 1692e of the FDCPA prohibits a debt collector from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

52. Additionally, §1692e(10) prohibits a debt collector from "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

53. Defendant violated §1692e and e(10) when it attempted to collect the subject debt from Plaintiff as Plaintiff never incurred the underlying debt.

54. Defendant should have known that it was attempting to collect the subject debt from the wrong person and should have acted accordingly.

55. Sending Plaintiff communications regarding the subject debt was an attempt to coerce Plaintiff into making a payment on a debt that she did not incur and did not owe.

  c. **Violations of FDCPA § 1692f**

56. Section 1692f of the FDCPA prohibits a debt collector from using "unfair and unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

57. Section § 1692f(8) of the FDCPA specifically prohibits a debt collector from:

Using any language or symbol, other than the debt collector's address, on any envelope when communication with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. 15 U.S.C. §1692f(8).

58. Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of the subject debt by knowingly disclosing personal and confidential information about Plaintiff to an unauthorized third party not expressly authorized under the FDCPA.

59. The use of a barcode symbol and the language on the envelope violates 1692f(8) of the FDCPA as a matter of law because that section prohibits a debt collector from using any language other than the debt collector's address on any envelope when communicating with a consumer.

60. Defendant's conduct renders it liable for the above-stated violations of the FDCPA,

7

and Plaintiff is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

61. Defendant intentionally made these communications to gain an advantage over other debt collectors and generate additional profits.

62. By its conduct, Defendant is liable under the FDCPA for statutory damages up to $1,000 and other compensation.

### d. Violations of FDCPA §1692g

63. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1)    the amount of the debt;

    (2)    **the name of the creditor to whom the debt is owed**;

    (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

64. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, including the identity of the current creditor.

65. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA

66. Specifically, Defendant violated §1692g(a)(2) by failing to identify the **current creditor** to whom the debt is owed.

67. As set forth above, Defendant's Letter confused Plaintiff as she was unable to determine whether Massey, Defendant, or an unknown third party was the current creditor to whom the subject debt is owed.

68. The confusing and misleading nature of Defendant's Letter confused Plaintiff, causing her to question whether she should contact Massey, Defendant, or an unknown third party to discuss a dispute of the debt and thus Defendant's omissions and misrepresentations were material.

69. Assuming that Massey, is in fact the creditor to whom the debt is owed, Defendant's Letter is still deficient because "[t]he mere presence of the correct name in the notice somewhere does not suffice." *Steffek v. Client Services, Inc.*, 948 F.3d 761, 765 (7th Cir. 2020).

70. Plaintiff may enforce the provisions of §15 U.S.C. 1692 pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides:

> [A]ny debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)
>
>     (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

9

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

15 U.S.C. §1692k.

**WHEREFORE**, Plaintiff, LARENDA KERN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Finding that Defendant violated the above-mentioned sections of the FDCPA;
b. Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);
c. Awarding Plaintiff statutory damages of $1,000.00, pursuant to §1692k(a)(2)(A);
d. Enjoining Defendant from further communicating with Plaintiff;
e. Awarding Plaintiff her reasonable costs & attorneys' fees under 15 U.S.C. §1692k(a)(3); and
f. Such other relief that this Court deems just and proper.

### COUNT II – VIOLATIONS OF THE WISCONSIN CONSUMER ACT
### Wis. Stat. § 427 *et seq.*

71. All previous paragraphs of this Complaint are incorporated as through fully set forth herein.

72. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h).

73. Defendant violated §427.104(1)(h) by engaging attempting to collect the subject debt from Plaintiff when Plaintiff did not owe the subject debt. It was unfair for Defendant to contact Plaintiff and attempt to coerce her into making a payment on a debt that was not hers.

74. Defendant failed to verify that it was contacting the correct party when it sent the letter to Plaintiff.

75. Following its characteristic behavior in sending voluminous amounts of letters through third-party vendors to consumers, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make a payment on the subject debt.

76. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

77. As pled above, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices.

78. Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff.

79. In an unfair and deceptive manner, Defendant sent Plaintiff a letter attempting to collect a debt that did not belong to her. This letter was an attempt by Defendant to harass Plaintiff into submission and to coerce her into making a payment on a debt that she did not owe.

80. Upon information and belief, Defendant regularly engages in the above-described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

**WHEREFORE**, Plaintiff, LARENDA KERN, requests the following relief:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;
c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: December 8, 2021                    Respectfully submitted,

                                                          **LARENDA KERN**

                                                          <u>/s/ Marwan R. Daher</u>
                                                          *Counsel for Plaintiff*
                                                          Marwan R. Daher, Esq.
                                                          Sulaiman Law Group, Ltd.
                                                          2500 South Highland Avenue
                                                          Lombard, IL 60148
                                                          Phone: (630) 537-1770
                                                          mdaher@sulaimanlaw.com